UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| WENDY POPE, | ) |
| :--- | :--- |
| *Plaintiff*, | ) |
| | ) Case No. 1:23-cv-6 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| BLUECROSS BLUESHIELD OF | ) Magistrate Judge Susan K. Lee |
| TENNESSEE, INC., *and* VOLUNTEER | ) |
| STATE HEALTH PLAN, INC., | ) |
| | ) |
| *Defendants*. | ) |

## JUDGMENT ORDER

Before the Court is the parties' joint motion to remand the case to the Chancery Court of Hamilton County, Tennessee. (Doc. 8.) In support of their motion, the parties state, "Minutes before Defendants began filing their removal papers, Plaintiff sent a filed copy of the Amended Complaint to Defendants via email. Defendants did not see the email containing the Amended Complaint until after they had already noticed removal." (*Id.* at 2 (emphasis omitted).) Because the Amended Complaint dropped Plaintiff's federal claim, the parties contend that the "amendment has defeated this Court's subject matter jurisdiction" because "the Complaint originally raised a federal question (given the parties are not completely diverse)." (*Id.* at 2.)

Pursuant to 28 U.S.C. § 1331, federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal courts have limited subject-matter jurisdiction; federal-question jurisdiction exists when the cause of action arises under federal law. *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020). "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction" because "[a]n amended complaint supersedes

an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (first quoting *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007); then citing *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009)).

Here, Plaintiff's Amended Complaint is the operative complaint for determining whether this Court has subject-matter jurisdiction to hear the case. The only cause of action she asserts is under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401, a state law, so there is no federal question jurisdiction. Nor is there diversity jurisdiction under 28 U.S.C. § 1332 because the parties are all citizens of Tennessee. (Doc 8-1 ¶¶ 1–3.) Therefore, the Court does not have subject-matter jurisdiction to hear this case and must remand it to state court.

Accordingly, the parties' joint motion (Doc. 8) is **GRANTED**. The Court **REMANDS** this case to the Chancery Court of Hamilton County, Tennessee. There being no further issues, the Court **DIRECTS** the Clerk of Court to **CLOSE** the case.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

ENTERED AS A JUDGMENT
   /s/ LeAnna R. Wilson
   CLERK OF COURT

2

Case 1:23-cv-00006-CLC-SKL   Document 9   Filed 01/19/23   Page 2 of 2   PageID #: 40